Jason B. Lattimore
**The Law Office Of**
**JASON B. LATTIMORE, ESQ. LLC**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: (973) 998-7477
Facsimile:  (973) 264-1159

*Attorneys for Plaintiff,*
*Interlink Products International, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERLINK PRODUCTS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHANGCHUN CHENGJI TECHNOLOGY CO., LTD. (d/b/a CLOFY US), <br><br> Defendant. | Case No: <br><br><br> **COMPLAINT &** <br> **JURY TRIAL DEMAND** |

Plaintiff, Interlink Products International, Inc. (hereinafter "Interlink" or "Plaintiff"), by and through its undersigned attorney, hereby complains of Defendant, Changchun Chengji Technology Co., Ltd. (d/b/a Clofy US), as follows:

**THE PARTIES**

1.    Plaintiff is a New Jersey corporation with its principal place of business at 1315 East Elizabeth Avenue, Linden, NJ 07036.

2.    On information and belief, Defendant, Changchun Chengji Technology Co., Ltd., is company formed under the laws of the People's Republic of China, and which has its principal

place of business at Room 601, 6th Floor, Building D, No. 155 Jinhe Street, Gaoxin District, Changchun, Jilin, 130000, P.R. China (Mainland).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the claims alleged pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331. The Court also has jurisdiction over the claims pursuant to 28 U.S.C. § 1367(a) in that the state law claims alleged are so related to the claims over which the Court has original jurisdiction that they form part of the same case.

4. This Court has personal jurisdiction over Defendant in that it does business regularly in this district and the claims at issue in this case arise out of or are related to Defendant's business activities with respect to this district. Defendant regularly advertises, offers for sale, and ships and sells, to customers located in New Jersey, products that bear the false and misleading statements at issue in this case or to which those statements pertain. Defendant knowingly and intentionally causes the products that are the subject of the false and misleading statements at issue to be advertised, promoted and sold in New Jersey. Defendant also regularly advertises, offers for sale, ships and sells, to customers located in New Jersey, the product that is the subject of the allegations of patent infringement in this Complaint. Defendant thus purposely directs its business activities to this forum and the claims herein thereby arise out of and relate to such business activities.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

## NATURE OF THE CLAIMS

6. This case arises out of Defendant's false and misleading representations regarding the nature, characteristics and customer ratings of certain of its showerheads sold in competition with Interlink. Defendant advertises to its customers that its 28-Setting Combo Showerhead is a

WaterSense certified water-conserving showerhead when, in fact, it is not and does not even comply with the minimum standards for water conservation established by the United Stated Department of Energy ("DOE"). Defendant also uses paid product reviewers or product review services to generate false and misleading product ratings and reviews on Amazon.com ("Amazon") in order to create the appearance that its showerheads are superior to those of competitors when, in fact, they are not. In addition to being marketed under false claims, the 28-Setting Combo has infringed U.S. Patent No. 7,299,510 ("the '510 Patent), which is owned by Interlink. Interlink seeks injunctive relief, in addition to recovery of all available damages, including disgorgement of profits and an award of attorneys' fees and costs, stemming from Defendant's false advertising, unfair competition and infringement.

## FACTS

7. Plaintiff, Interlink, is a New Jersey based company specializing in the development, production and marketing of innovative shower and bath products. The company was founded in 1996.

8. Interlink's products include several lines of showerheads that can be purchased from various sources, including Amazon and other online sources and retail stores. Interlink is the leading seller of showerheads on Amazon.

9. Defendant competes directly with Interlink for sales of showerheads to online consumers, including those consumers who purchase products through Amazon.

## COUNT I
### (False Advertising - 15 U.S.C. § 1125 (a))

10. Plaintiff restates and realleges the allegations of paragraphs 1-9 as if fully set forth herein.

11. The Environmental Protection Agency's WaterSense® program allows shower manufacturers to sell showerheads labeled as "WaterSense Certified" when those showerheads meet certain water conservation and performance requirements.

12. To qualify for use of the WaterSense® label, a showerhead must be certified by an authorized independent third-party as meeting EPA standards, including having a water flow rate of no more than 2.0 gallons per minute ("gpm").

13. In Defendant's product listing on Amazon describing its "28-Setting Combo" (Part No. SFH-YS01), Defendant claims that the showerhead is Watersense certified, even though it is not and could not be.

14. Defendant's misrepresentation that its 28-Setting Combo is Watersense certified is material to purchasers and misleads them into purchasing Defendant's products instead of Interlink's products.

15. Defendant continues to misrepresent the nature and characteristics of its showerheads in order to unfairly compete with Interlink.

16. Defendant also utilizes fraudulent reviews in order to mislead customers into believing that its showerheads are superior to Interlink's showerheads.

17. Through the foregoing conduct, Defendant has made and continues to make false or misleading statements as to the nature and qualities of its showerheads in the advertising or promotion of those showerheads.

18. Defendant's false and misleading statements regarding its showerheads are literally false, deceived and continue to deceive consumers purchasing the showerheads, and otherwise have the tendency to deceive potential purchasers of Defendant's showerheads.

19. The deception brought about by Defendant's false and misleading statements detailed in the preceding paragraphs was and is material in that those statements likely influenced and will continue to influence purchasing decisions concerning Defendant's showerheads.

20. Defendant's showerheads travel in interstate commerce.

21. Defendant's deceptive conduct has caused and will continue to cause immediate and irreparable injury to Interlink, including declining sales, unfair price competition and loss in market share, for which there is no adequate remedy at law.

22. Absent Defendant's misrepresentations and deception, Defendant would not have made its sales of the showerheads at issue in competition with Interlink, and it is highly likely that Interlink would have made the sales to customers that Defendants made.

23. Defendant's foregoing conduct described in the preceding sections and paragraphs of this Complaint was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a) entitling Interlink to an award of enhanced damages and reasonable attorney's fees.

24. Accordingly, Interlink is entitled to judgment awarding it preliminary and permanent injunctive relief, treble damages, disgorgement of profits, attorneys' fees, costs and any other relief the court deems just.

## COUNT II
**(Common Law Unfair Competition)**

25. Plaintiff restates and realleges the allegations of paragraphs 1-24 as if fully set forth herein.

26. Through the acts described above, Defendant has willfully and knowingly engaged in unfair acts or practices and unfair methods of competition.

27. The acts of Defendant described herein have been and continue to be in bad faith and conscience and in deliberate disregard of Interlink's rights and with the intention of depriving Interlink of monies that Interlink would otherwise receive.

28. Through the foregoing conduct described in this Complaint, Defendant has acted in wanton and willful disregard of Interlink's rights such that Interlink is entitled to an award of punitive damages.

29. Accordingly, Interlink is entitled to judgment awarding it preliminary and permanent injunctive relief, treble damages, disgorgement of profits, punitive damages, attorneys' fees, costs, punitive damages and any other relief the court deems just.

## COUNT III
### (Patent Infringement)

30. Plaintiff restates and realleges the allegations of paragraphs 1-29 as if fully set forth herein.

31. On November 27, 2007, United States Letters Patent No. 7,299,510 were issued to Pi Kuang Tsai ("Tsai").

32. On November 17, 2015, Interlink acquired, by assignment from Tsai, all right, title and interest in and to the '510 Patent, including the right to sue for past infringement of the '510 Patent and collect damages associated with such infringement. The assignment has been recorded with the United States Patent & Trademark Office and Interlink remains the owner of all right title and interest in and to the '510 Patent.

33. Defendant's "28-Setting Combo" (Part No. SFH-YS01) and any other of Defendant's dual showerhead products employing diverter mounts that are identical or equivalent to the diverter mount used in SFH-YS01 embody the elements of at least claims 1, 2, 3, 4, 9, 10 and 11 of the '510 Patent. On information and belief, Defendant has sold other models of dual

showerhead products that infringe the '510 patent. (All of the showerheads accused of infringement in this paragraph are hereinafter referred to as "the Clofy Showerheads").

34. Defendant has directly infringed the listed claims of the '510 Patent by making, importing, using, selling and offering for sale the Clofy Showerheads.

35. Defendant has further infringed and infringes the claims of the '510 Patent by inducing others, including purchasers to make, assemble, install and use the infringing products.

36. Through this Complaint, and through prior notice provided to Defendant, Interlink has notified Defendant of the '510 Patent and of the infringing nature of the Clofy Showerheads.

37. Defendant's sale and continued sale of the Clofy Showerheads is in willful, knowing disregard of the '510 Patent and intentionally induces infringement of the '510 Patent by purchasers.

38. On information and belief, Defendant imports and sells or has imported and sold other dual showerhead products that embody one or more of the claims of the '510 Patent.

39. Defendant has engaged in the foregoing acts of infringement despite an objectively high likelihood that its actions constitute infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Defendant.

40. At all relevant times, Interlink sells and has sold products that compete directly with Defendant's infringing dual showerhead products. As a result of Defendant's infringement Interlink has suffered direct competitive harm, loss of goodwill, and lost sales.

41. Defendant's infringement is ongoing and has injured and will continue to injure Interlink unless and until this Court enters an injunction prohibiting further direct, contributory and induced infringement, including enjoining further sale of Defendant's infringing products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

I. That Defendant, its officers, agents, servants, employees, attorneys, privies, subsidiaries, divisions, successors and assigns, and all persons and organizations in active concert, participation or combination with any of the foregoing be permanently enjoined from and/or Ordered to:

A. Cease making or employing the false and misleading statements that are the subject of this Complaint;

B. Cease all other deceptive advertising conduct that is the subject of this Complaint;

C. Cease selling showerhead products for a period sufficient to correct for any gains in market share and goodwill attributable to the conduct on which Interlink's claims are based; and

D. Cease engaging in any acts of infringement of the '510 Patent;

II. That Plaintiff obtain the following relief:

A. An accounting and disgorgement of all profits Defendant has gained through the sale of showerheads sold under the false and misleading statements at issue;

B. Compensatory damages;

C. Treble damages;

D. Reasonable attorneys' fees and costs;

E. Punitive damages in an amount not less than $2 million; and

F. Any other relief in Interlink's favor that the court deems just and proper.

Dated: May 16, 2018					Respectfully submitted,

						The Law Office Of
						JASON B. LATTIMORE, ESQ. LLC


						By  s/ Jason B. Lattimore
						     Jason B. Lattimore
						     55 Madison Avenue, Suite 400
						     Morristown, NJ 07960
						     Telephone: (973) 998-7477
						     Facsimile:  (973) 264-1159

						     *Attorneys for Plaintiff*
						     *Interlink International Products, Inc.*

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues triable by jury.

Dated: May 16, 2018

Respectfully submitted,

The Law Office Of
JASON B. LATTIMORE, ESQ. LLC

By  s/ Jason B. Lattimore
    Jason B. Lattimore
    55 Madison Avenue, Suite 400
    Morristown, NJ 07960
    Telephone: (973) 998-7477
    Facsimile:  (973) 264-1159

*Attorneys for Plaintiff
Interlink International Products, Inc.*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify under penalty of perjury that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any other court or of any pending arbitration or administration proceeding.

Dated:  May 16, 2018

s/ Jason B. Lattimore
Jason B. Lattimore